# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

NEILAND COHEN,

       **Plaintiff,**

 **v.**             **Case No. 05-C-1237**

UNITED STATES OF AMERICA,

       **Defendant.**

## DECISION AND ORDER

The plaintiff, Neiland Cohen ("Cohen"), filed suit seeking a permanent injunction to prevent the Internal Revenue Service from collecting a 3% excise tax for long-distance phone services. Cohen also requests a refund for himself and for the purported class of American phone users who have paid the excise tax over the past three years. On March 1, 2006, the government responded by filing a motion to dismiss Cohen's claim for a permanent injunction. However, on May 25, 2006, the government notified the Court that it would stop collecting the excise tax beginning on August 1, 2006, and also would establish a procedure by which taxpayers could apply for a refund of the excise tax that they have paid since February 28, 2003. *See* IRS Notice 2006-50.

The parties agree that Cohen's claim for injunctive relief and the government's motion to dismiss are now moot because the government will no longer collect the challenged excise tax. Cohen requests, though, that the Court issue a final judgment as to his injunction claim pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) allows a district

1

court to direct the entry of a final judgment as to one claim, even though other claims in the case are pending, "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The function of the district court under Rule 54(b) is that of a "dispatcher," that is, the Rule allows the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. *See Curtis-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). The United States Supreme Court directed district courts to exercise its discretion "in the interest of sound judicial administration." *Id.* (quoting *Sear, Roebuck, & Co. v. Mackey, Inc.*, 351 U.S. 427, 437 (1956).

Cohen's request is unique because he does not seek a final judgment for the sake of appeal. Rather, he seeks a final judgment so that he can request attorneys' fees. Cohen contends that the issue of his entitlement to attorneys' fees on his injunction claim should be decided before the resolution of his refund claim and motion for class certification.

The Court disagrees with Cohen because such a proposal is not "in the interest of sound judicial administration." *Id.* If the Court were to issue a final judgment now as to the injunction claim and conduct a proceeding on Cohen's application for attorneys' fees, it would create the potential of having two different proceedings to determine two different rewards for attorneys' fees at two different periods of the litigation. Cohen gives no reason why he cannot simply wait to make his request for attorneys' fees until after the litigation is complete so that the Court can address all requests for attorneys' fees at one time. Judicial economy would be hindered if the Court were to conduct a proceeding on attorneys' fees

2

each time a claim is dismissed before the closing of a case.  The Court discerns no significant reason why this case should be any different.  Accordingly, the Court will not enter a final judgment pursuant to Rule 54(b) on Cohen's injunction claim for the sole purpose of allowing Cohen to pursue attorneys' fees.

Cohen has also filed a motion for summary judgment on his second claim for relief, and a motion for class certification.  In addition, the parties have indicated that the government will  file a motion to dismiss Cohen's second claim for relief.  The Court will conduct a scheduling conference after the resolution of those motions.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Cohen's "Motion to Deny as Moot Government's Motion to Dismiss Injunction Claim, to Enter Judgment Dismissing the Injunction Claim as Moot, and to Schedule Proceedings on Plaintiff's Application for Attorneys' Fees Relating to that Claim" (Docket No. 23) is **GRANTED**, in part, and **DENIED**, in part.  The Government's Motion to Dismiss (Docket No. 11) is **DENIED**, as moot.  Cohen's claim for injunctive relief is **DISMISSED**, as moot.  Cohen's request for a final judgment pursuant to Rule 54(b) is **DENIED**.  Cohen's request to schedule proceedings on his application for attorneys' fees is **DENIED**.

Dated at Milwaukee, Wisconsin this 26th day of July, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

3